UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVION L. ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-00081 |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Davion Alexander brings this action to challenge the threatened foreclosure of his home in Dickinson, Texas. Alexander has sued not only Defendant JPMorgan Chase Bank, N.A.—the current owner and holder of the mortgage loan—but also Chase's local foreclosure counsel, Barrett Daffin Frappier Turner & Engel, L.L.P. Alexander claims that Barrett Daffin violated two sections of the Texas Debt Collection Act by "threatening to take an action prohibited by law" and by "using fraudulent, deceptive, or misleading representations in the collection of Plaintiff's debt." Docket Entry No. 1-1 at Ex. 2 ¶¶ 30; 33. Barrett Daffin now moves for dismissal under Rule 12(b)(6). Having reviewed the pleadings, the parties' briefing, and the applicable law, Barrett Daffin's motion to dismiss is **GRANTED**.

## I. BACKGROUND

On March 13, 2008, Alexander purchased a home on Rustic Colony Lane in Dickinson, Texas. Alexander financed the purchase by taking out a mortgage loan with Patriot Bank Mortgage, Inc. The loan was later sold to Chase, who also services the loan. According to Alexander, he had every intention of paying his mortgage and did so until a medical condition caused him to lose his job. Alexander then allegedly contacted Chase to discuss his options, but Chase instructed him to stop paying his mortgage and then call back when he went into default to apply for a modification. *Id.* ¶ 10. After Alexander went into default, Chase purportedly denied his requests for a loan modification or short sale as alternatives to foreclosure.

Chase retained Barrett Daffin as counsel to initiate nonjudicial foreclosure proceedings. Barrett Daffin sent Alexander foreclosure notices and posted the property for a March 6, 2012 foreclosure sale. On March 5, 2012, Alexander brought suit in state court in Galveston County and won a temporary restraining order forbidding Defendants from proceeding with the foreclosure.

Chase removed the case to this Court on March 15, 2012 with Barrett Daffin's consent. Alexander moved to remand the action, but Judge Hoyt

summarily denied that motion on May 9, 2012.[1]  Barrett Daffin filed the instant motion to dismiss on August 9, 2012.  To the best of the parties' knowledge, Alexander continues to reside at the property, without paying mortgage or rent.

## II. RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  The court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  To survive a motion to dismiss, a claim for relief must be "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] In order to deny remand, Judge Hoyt must have found that this Court had federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  Because Barrett Daffin and Alexander are both Texas citizens, Barrett Daffin would have had to be improperly joined for diversity to exist.  Thus, Judge Hoyt's ruling may provide support for the current holding because improper joinder is premised on a "Rule 12(b)(6)-type analysis." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

### III.  ANALYSIS

#### A.  Threatening to Take Action Prohibited by Law

Alexander's first cause of action against Barrett Daffin arises under Texas Finance Code section 392.301(a)(8), which prohibits a debt collector from "threatening to take an action prohibited by law."  Tex. Fin. Code Ann. § 392.301(a)(8).  Specifically, Alexander claims that Barrett Daffin violated the statute when it threatened to foreclose before Chase had certified that all non-foreclosure options had been exhausted pursuant to the federal Making Home Affordable ("MHA") Program's guidelines, known as the "Handbook."  *See* Docket Entry No. 1-1 at Ex. 2 ¶¶ 31–32.

Courts, including this one, have recently rejected the legal plausibility of identical claims that an attempt to foreclose when the lender has failed to satisfy MHA Handbook requirements amounts to taking an action "prohibited by law."  *See, e.g.*, *Benavides v. EMC Mortg. Corp.*, -- F. Supp. 2d --, No. 3-12-46, 2013 WL 74702, at *3 (S.D. Tex. Jan. 4, 2013) (finding no possibility of recovery on such a claim in the context of an improper joinder analysis); *Brooks v. Ocwen Loan Servicing, LLC*, No. H-12-1410, 2012 WL 3069937, at *4 (S.D. Tex. July 27, 2012) (same); *Nolasco v. CitiMortgage, Inc.*, H-12-1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012) (dismissing for failure to state a claim under Rule 12(b)(6)).  Section 392.301(a) "does not prevent a debt collector from . . .

exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code Ann. § 392.301(b)(3); *see also Nolasco*, 2012 WL 3648414, at *6 (applying statute). And, as explained in *Brooks*, violations of the Handbook's guidelines are not "action[s] prohibited by law"; the Handbook is merely guidance and does not give rise to legally enforceable rights. *Brooks*, 2012 WL 3069937, at *4 (citation omitted).

In his response to the instant motion, Alexander changes his theory by arguing that the "law" that prohibited the threatened foreclosure was not the MHA Handbook, but the Deed of Trust. *See* Docket Entry No. 13 ¶ 17. Alexander points out that the Deed of Trust required Chase to follow the "applicable laws" of Texas, including Texas Property Code section 51.002(d), which requires a mortgage servicer to provide a debtor with twenty days to cure a default before notice of sale can be given. *Id.* ¶ 18. As an initial matter, these arguments do not appear in Alexander's complaint and thus cannot salvage his claim. *Compare id.* ¶¶ 16–20 (describing claim based on Deed of Trust), *with* Docket Entry No. 1-1 at Ex. 2 ¶ 31 ("As a participating servicer in the HAMP program, JPM violated Subsection (a)(8) when it threatened to take action to foreclose on the property without properly considering Mr. Alexander under the HAFA or another alternative action to cure."). "Allegations contained in a response to a motion to

dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings." *Coach, Inc. v. Angela's Boutique*, No. H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) (citation omitted).

Even if the morphed claim appeared in the complaint, dismissal would still be warranted. First, Alexander has cited no cases, and the Court is aware of none, in which a breach of contract constituted an action prohibited by law under the Texas Finance Code. A breach of contract is distinguishable from a violation of the law. *See Roubinek v. Select Portfolio Servicing Inc.*, No. 3:11-CV-3481-D, 2012 WL 2358560, at *3 (N.D. Tex. June 21, 2012) (distinguishing a "duty created by contract" from a "duty imposed by law"). Second, Barrett Daffin was not a party to the relevant deed of trust and thus was not contractually bound by it. Given that Alexander has not argued that Barrett Daffin is liable as Chase's agent, *see* Docket Entry No. 13 ¶ 9, this fact precludes liability. Finally, Alexander has not alleged deprivation of his right to have "20 days to cure the default," as allotted by Texas Property Code section 51.002(d), only that he was not allowed to cure in a manner of his choosing. He admits that nothing in the contract required Chase to offer his preferred methods of curing the default, such as a modification or short sale. Docket Entry No. 13 ¶ 19.

For these reasons, the Court concludes that Alexander's TDCPA claim under section 392.301(a)(8) is legally insufficient.

### B. Misrepresentations in Collecting Debt

Alexander also alleges that Barrett Daffin violated Texas Finance Code sections 392.304(a)(8) and 392.304(a)(19), which respectively prohibit debt collectors from misrepresenting the amount of a consumer's debt and from using any false representations or deceptive means to collect a debt. Tex. Fin. Code Ann. §§ 392.304(a)(8); 392.304(a)(19). The basis for this claim is that Barrett Daffin "included charges on reinstatement quotes for 'attorney fees' and 'trustees fees' that could not have been incurred because the foreclosure had not taken place yet." Docket Entry No. 1-1 at Ex. 2 ¶ 33.

The *Brooks* court rejected nearly identical claims. *Brooks*, 2012 WL 3069937, at *4. It reasoned that, even if some attorney's fees or trustee's fees could not yet have been incurred, the plaintiffs had not alleged that no such fees could lawfully be incurred prior to foreclosure under the deed of trust. *Id.*[2] The same is true here. Alexander does not plead that the reinstatement quote was false, only that it would be false if the foreclosure never occurred because the quote included foreclosure costs. *See id.*; Docket Entry No. 1-1 at Ex. 2 ¶ 33. Moreover,

---

[2] Alexander's attempt to distinguish his case from *Brooks* by arguing that he "alleged that the deed of trust only allowed the recovery of such expenses after the foreclosure sale," Docket Entry No. 13 ¶ 23, is belied by his complaint. *See* Docket Entry No. 1-1 at Ex. 2 ¶ 33.

Alexander fails to identify any contract provision or statute precluding charging fees actually incurred prior to the actual foreclosure.

Thus, Alexander's claims under sections 392.304(a)(8) and (a)(19) fail because, even accepting his allegations as true, Barrett Daffin's statements were not false or deceptive.

### C. Leave to Amend

In his response to the instant motion, Alexander requests leave to amend his state court petition as an alternative to denying dismissal.  Docket Entry No. 13 ¶ 1.  Under Rule 15(a), "[t]he decision to grant or deny a motion to amend is in the sound discretion of the trial court."  *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted); *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992).  A motion to amend may be denied for, among other reasons, "undue delay" and "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court concludes that allowing Alexander to file an amended complaint would be futile and would amount to undue delay because he does not explain what amendments he would make or why the amended claims were not already asserted.  *See Rosenzweig*, 332 F.3d at 865 ("Moreover, the motion to amend hardly presents any new information. . . .  [Plaintiffs] did not attach a proposed

amended complaint, leaving the district court to speculate as to how these seemingly redundant facts might amount to a legal claim."). Because Alexander has not proposed any new allegations that could state a legally sufficient claim against Barrett Daffin, the proposed amendment would be futile. Leave to amend is denied.

IV. CONCLUSION[3]

For the reasons stated above, the Court concludes that Alexander has failed to state a claim against Barrett Daffin for which relief may be granted. Accordingly, Defendant Barrett Daffin Frappier Turner & Engel, L.L.P.'s Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 12) is **GRANTED**. Alexander's claims against Barrett Daffin are **DISMISSED WITH PREJUDICE**.

SIGNED this 30th day of January, 2013.

_____
Gregg Costa
United States District Judge

---

[3] Based on the Court's holdings, it need not address Barrett Daffin's arguments that foreclosure attorneys are immune from suit and that Alexander's breach of contract claims should be dismissed because of a prior material breach.