UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVION L. ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-00081 |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

Plaintiff Davion Alexander brings this action to challenge the threatened foreclosure of his home in Dickinson, Texas. Alexander claims that Defendant JPMorgan Chase Bank, N.A.—the current owner and holder of the mortgage loan—breached the terms of the deed of trust and violated the Texas Debt Collection Act.[1] Alexander also argues that the defenses of waiver and quasi-estoppel bar Chase from accelerating the loan and posting the property for sale. Chase now moves for summary judgment. Having reviewed the pleadings, the parties' briefing, the evidence, and the applicable law, Chase's motion is **GRANTED**.

---

[1] Alexander also brought claims against Chase's local foreclosure counsel. The Court dismissed those claims with prejudice on January 30, 2013. *Alexander v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-00081, 2013 WL 391157 (S.D. Tex. Jan. 30, 2013).

I.    **BACKGROUND**

On March 13, 2008, Alexander purchased a home on Rustic Colony Lane in Dickinson. Alexander financed the purchase by taking out a mortgage loan with Patriot Bank Mortgage, Inc. The loan was later sold to Chase, who also services the loan. According to Alexander, he had every intention of paying his mortgage and did so until later in 2008 when a medical condition caused him to lose his job. Alexander alleges that he then contacted Chase to discuss his options, but Chase instructed him to stop paying his mortgage and call back when he went into default to apply for a modification. Docket Entry No. 1-1 at Ex. 2 ¶ 10.

Chase retained counsel to initiate nonjudicial foreclosure proceedings. Chase's foreclosure counsel sent Alexander foreclosure notices and posted the property for a March 6, 2012 foreclosure sale. On March 5, 2012, Alexander brought suit in state court in Galveston County and won a temporary restraining order forbidding Defendants from proceeding with the foreclosure. Chase removed the case to this Court on March 15, 2012 and now moves for summary judgment. To the best of the parties' knowledge, Alexander continues to reside at the property, without paying mortgage or rent.

II.    **SUMMARY JUDGMENT STANDARD**

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

### III. DISCUSSION

#### A. Breach of Contract

Alexander asserts a breach of contract claim on the grounds that Chase (a) failed to provide a notice of default as required by the deed of trust and (b) failed to give Alexander the opportunity to pursue certain default-curing options such as the ones under the federal government's Home Affordable Modification Program (HAMP) and Home Affordable Foreclosure Alternatives (HAFA) program. Docket Entry No. 1-1 at Ex. 2 ¶¶ 25–27. The elements of a breach of contract claim under Texas law are: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

Alexander presents no evidence from which a reasonable juror could find a breach. With respect to Chase's notice obligations, Alexander alleges that the deed of trust required Chase to give: "(1) notice of default, (2) specific actions [Alexander could] take to cure the default and (3) [] at least 30 days to complete those actions." Docket Entry No. 1-1 at Ex. 2 ¶ 25. As an initial matter, the deed of trust does not include such requirements regarding the content of the notice or the time period a borrower has to cure.[2] Docket Entry No. 22-1. But, regardless, Chase even satisfied the requirements that Alexander alleges existed: it sent Alexander letters on April 6, 2010 and August 16, 2010, providing the reason for default, the total balance due, an explanation of how to cure the default, and 32 days to complete that action. Docket Entry Nos. 22-5 at 3–4; 22-6 at 3–4. Chase also informed Alexander that he "may be eligible for a loan modification program" and advised him how to pursue that option. Docket Entry Nos. 22-5 at 2; 22-6 at 2. Indeed, Alexander admits in his original petition that Chase "informed him of the default and all of the ways in which the default could be cured." Docket Entry No. 1-1 at Ex. 2 ¶ 15; *see also Brooks v. Ocwen Loan Servicing, LLC*, No. H-12-1410, 2012 WL 3069937, at *6 (S.D. Tex. July 27, 2012) (dismissing breach of contract

---

[2] Texas law requires the mortgage servicer to give the debtor "written notice by certified mail stating that the debtor is in default under the deed of trust . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop. Code Ann.§ 51.002(d). There is no dispute that Chase met those obligations.

claim when plaintiff failed to allege that servicer moved forward with foreclosure in less than 30 days).

Alexander also argues that Chase breached the deed of trust by "fail[ing] to give Mr. Alexander the opportunity to pursue the range of default-curing options such as the HAMP." Docket Entry No. 1-1 at Ex. 2 ¶ 26. Alexander argues that such obligations are based on subsections 9(a) and 9(d) of the deed of trust, which incorporate regulations of the U.S. Department of Housing and Urban Development (HUD).[3] Subsection 9(a) provides that Chase's option to accelerate in the case of defaults is "limited by regulations issued by the Secretary [of HUD]." Docket Entry No. 22-1 at 5. Subsection 9(d) provides that the deed of trust "does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." *Id.*

But Alexander fails to identify any HUD regulations that Chase violated by pursuing foreclosure. In his complaint, Alexander discusses how Chase's actions may have been contrary to provisions of the Treasury Department's "Handbook for Servicers of Non-GSE Mortgages," which purportedly require lenders participating in the Making Home Affordable program to follow a hierarchy of default curing

---

[3] Although "the case law is clear that there is no private cause of action under HAMP," *Carillo v. Bank of Am., N.A.*, No. H-12-3096, 2013 WL 1558320, at *3 (S.D. Tex. Apr. 11, 2013) (collecting cases), extracontractual obligations may be incorporated into a deed of trust. *See Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *5 (N.D. Tex. June 24, 2009) ("Because the parties explicitly incorporated the HUD regulations into their agreement, the 'documents and regulations constitute an integrated contract.'" (quoting *Hernandez v. Home Sav. Assoc. of Dall.*, 606 F.2d 596, 601 (5th Cir. 1979))).

options, including HAMP and HAFA. However, the Handbook is not a "regulation[] issued by the [HUD] Secretary." *Id.* Not only does Alexander fail to cite anything in the Code of Federal Regulations incorporating the Handbook's directives; the Code itself differentiates "regulations" from "handbooks." *See, e.g.*, 24 C.F.R. § 9.110(a) (noting that HUD's policies and practices include "regulations, handbooks, notices and other written guidance"); 24 C.F.R. § 25.6(j) (noting that administrative action may be imposed based on violations of "requirements set forth in any statute, regulation, handbook, mortgagee letter, or other written rule or instruction").[4] Neither the terms "HAMP" or "Home Affordable Modification Program" appear in Title 24 of the Code, which is comprised of HUD regulations. Nor do the terms "MHA" or "Making Home Affordable." In his summary judgment response, Alexander cites a "Frequently Asked Questions" page on HUD's website stating that "Foreclosure should only be considered as a last resort and should not be initiated until all Loss Mitigation Options have been exhausted." Docket Entry No. 23 at 4 (citing http://portal.hud.gov/hudportal/HUD?src=/program_offices/housing/sfh/nsc/faqfc). But the website's advice is not a regulation and, in any event, the term "should" suggests that it is nonbinding. Alexander does cite to some HUD regulations in his

---

[4] There is a well-established distinction in administrative law between regulations, which have the force of law, and other agency announcements, such as handbooks. *See generally United States v. Mead Corp.*, 533 U.S. 218 (2001) (discussing the level of deference that should be afforded to different types of agency rules and regulations).

summary judgment response—namely, 24 C.F.R. §§ 203.258, 203.357, 203.370, 203.414, 203.471, 203.606, 203.614, and 203.616—but none of those regulations prohibit the actions that Chase took in pursuing foreclosure. For instance, section 203.616 states that a "mortgagee *may* modify a mortgage," but not that it must. 24 C.F.R. § 203.616 (emphasis added).

In sum, Alexander fails to present any evidence that Chase breached any specific provisions of the deed of trust or that it breached any HUD regulations that were incorporated in the deed through subsections 9(a) and 9(d). Accordingly, the breach of contract claim is subject to summary judgment.[5]

### B. Texas Debt Collection Act

#### 1. Threatening to Take Action Prohibited by Law

Alexander's second cause of action against Chase arises under Texas Finance Code section 392.301(a)(8), which prohibits a debt collector from "threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8). Specifically, Alexander claims that Chase violated the statute when it threatened to foreclose before Chase had certified that all loss mitigation options had been exhausted pursuant to the Handbook.

---

[5] Given the Court's ruling, it need not address Chase's other arguments that (1) Alexander breached the deed of trust by failing to cure the default; and (2) Alexander has not been damaged by the breach.

Alexander asserted the same claim against Chase's local foreclosure counsel, and the Court dismissed it with prejudice in its January 30, 2013 Memorandum and Order. The Court reasoned:

> Courts, including this one, have recently rejected the legal plausibility of identical claims that an attempt to foreclose when the lender has failed to satisfy MHA Handbook requirements amounts to taking an action "prohibited by law." *See, e.g.*, *Benavides v. EMC Mortg. Corp.*, --- F. Supp. 2d ----, No. 3-12-46, 2013 WL 74702, at *3 (S.D. Tex. Jan. 4, 2013) (finding no possibility of recovery on such a claim in the context of an improper joinder analysis); *Brooks v. Ocwen Loan Servicing, LLC*, No. H-12-1410, 2012 WL 3069937, at *4 (S.D. Tex. July 27, 2012) (same); *Nolasco v. CitiMortgage, Inc.*, H-12-1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012) (dismissing for failure to state a claim under Rule 12(b)(6)). Section 392.301(a) "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code Ann. § 392.301(b)(3); *see also Nolasco*, 2012 WL 3648414, at *6 (applying statute). And, as explained in *Brooks*, violations of the Handbook's guidelines are not "action[s] prohibited by law"; the Handbook is merely guidance and does not give rise to legally enforceable rights. *Brooks*, 2012 WL 3069937, at *4 (citation omitted).

*Alexander v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-00081, 2013 WL 391157, at *2 (S.D. Tex. Jan. 30, 2013).

The Court's analysis applies equally here: Chase's alleged noncompliance with the MHA Handbook does not constitute an action prohibited by law under section 392.301(a)(8). Alexander's Texas Debt Collection Act claim under section 392.301(a)(8) is thus subject to summary judgment.[6]

---

[6] In his response to Chase's motion, Alexander changes the theory alleged in the complaint by

## 2. Misrepresentations in Collecting Debt

Alexander also alleges that Chase violated section 392.304(a) of the Texas Finance Code by "includ[ing] charges on reinstatement quotes for 'attorney fees' and 'trustees fees' that could not have been incurred because the foreclosure had not taken place yet." Docket Entry No. 1-1 at Ex. 2 ¶ 33. Subsections 392.304(a)(8) and (a)(19) respectively prohibit debt collectors from misrepresenting the amount of a consumer's debt and from using any false representations or deceptive means to collect a debt. Tex. Fin. Code Ann. §§ 392.304(a)(8); 392.304(a)(19).

Once again, the Court rejects this claim for the same reasons it rejected the identical claim asserted against foreclosure counsel. Even if some attorney's fees or trustee's fees could not yet have been incurred before the foreclosure sale, Alexander does not allege that no such fees could lawfully be incurred prior to foreclosure under the deed of trust. *Alexander*, 2013 WL 391157, at *3 (citations omitted); *see also Brooks*, 2012 WL 3069937, at *4 (dismissing nearly identical

---

arguing that the "law" that prohibited the threatened foreclosure was not the MHA Handbook, but the Deed of Trust. *Compare* Docket Entry No. 23 ¶¶ 18–19, *with* Docket Entry No. 1-1 at Ex. 2 ¶ 31. Alexander made the same change in his response to foreclosure counsel's motion to dismiss. *See* Docket Entry No. 13 ¶ 17. The Court rejected the morphed argument then, *see Alexander*, 2013 WL 391157, at *2–3, and does so for two of the same reasons now. First, "a plaintiff may not use a memorandum of law or similar paper to assert a claim that is not contained in the complaint." *Ribis v. Mike Barnard Chevrolet-Cadillac, Inc.*, 468 F. Supp. 2d 489, 495 (W.D.N.Y. 2007) (collecting cases). Second, even if the new claim appeared in the complaint, dismissal would still be warranted because a breach of contract does not constitute an action prohibited by law under the Texas Finance Code. *See Roubinek v. Select Portfoliio Servicing Inc.*, No. 3:11-CV-3481-D, 2012 WL 2358560, at *3 (N.D. Tex. June 21, 2012) (distinguishing a "duty created by contract" from a "duty imposed by law").

9 / 13

claims). In fact, paragraph 18 of the deed of trust foresees the possibility of preforeclosure fees by noting that, in the event of acceleration, the "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence." Docket Entry No. 22-1 ¶ 18. "Alexander does not plead that the reinstatement quote was false, only that it would be false if the foreclosure never occurred because the quote included foreclosure costs." *Alexander*, 2013 WL 391157, at *3 (citations omitted). And Alexander still cannot identify any contract provision or statute precluding charging fees actually incurred prior to the actual foreclosure. Because Alexander has not provided any evidence showing that Chase's statements were false or deceptive, his claims under sections 392.304(a)(8) and (a)(19) fail as a matter of law.

### C. Defenses to Foreclosure: Waiver and Quasi-Estoppel

Alexander also argues that the defenses of waiver and quasi-estoppel bar Chase from accelerating the loan and posting the property for sale. Alexander pleads the defenses "as though he were a defendant to [Chase's] charge that a default and therefore, a breach of contract of the Plaintiff existed." Docket Entry No. 1-1 at Ex. 2 ¶ 34.

The defenses fail for three reasons. First, Chase "has not brought suit in court alleging a claim for relief," and, therefore, Alexander's "waiver and quasi-

estoppel allegations are defenses to claims that [Chase] has not pleaded, [and thus] they are not properly before the court." *Brooks*, 2012 WL 3069937, at *7; *see also Blakeney v. Wells Fargo Bank, N.A.*, No. H-12-0845, 2012 WL 6691122, at *7 (S.D. Tex. Dec. 21, 2012) (holding the same).[7]

Second, contrary to Alexander's assertions, Chase did not waive its right to foreclose when it offered to consider loan modification options. "'[W]aiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right.'" *Nolasco*, 2012 WL 3648414, at *5 (quoting *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008)). The deed of trust explicitly states that: "[i]f circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events." Docket Entry No. 22-1 at 5. This contractual language makes clear that Chase's alleged consideration of Alexander for a modification was not intended to function as a waiver and was not inconsistent with proceeding with foreclosure. *See Benavides*,

---

[7] This case is distinguishable from ones such as *Benavides v. EMC Mortg. Corp.*, No. 3-12-46, 2013 WL 416195 (S.D. Tex. Jan. 31, 2013), and *Nolasco*, 2012 WL 3648414, in which the courts found the defenses "properly before the Court." *Benavides*, 2013 WL 416195, at *5. The deeds of trusts in those cases had provisions granting the borrower the "right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration." *Benavides*, 2013 WL 416195, at *5; *Nolasco*, 2012 WL 3648414, at *5. Such a provision is not present in Alexander's deed of trust. *See* Docket Entry No. 22-1. In any event, the *Benavides* and *Nolasco* courts, like here, ultimately rejected the waiver and quasi-estoppel defenses. *Benavides*, 2013 WL 416195, at *5; *Nolasco*, 2012 WL 3648414, at *5.

2013 WL 416195, at *5 (rejecting waiver claim on same grounds); *Nolasco*, 2012 WL 3648414, at *5 (same).  Alexander's affirmative defense of waiver fails.

Finally, Alexander's quasi-estoppel defense fails because Chase fulfilled its contractual obligations and, therefore, did not act inconsistently with any loan modification offer made to Alexander.  A quasi-estoppel defense "precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) (citation omitted).  "Thus, quasi-estoppel forbids a party from accepting the benefits of a transaction and then subsequently taking an inconsistent position to avoid corresponding obligations or effects." *Lindley v. McKnight*, 349 S.W.3d 113, 131 (Tex. App.—Fort Worth 2011, no pet.).

Alexander argues that the defense applies because Chase "chose to participate in the MHA program as well as to provide proprietary foreclosure mitigation and alternative options," and thus it would be inconsistent for it to proceed with foreclosure against Alexander without considering these alternatives. Docket Entry No. 1-1 at Ex. 2 ¶ 37.  Alexander states that Chase's actions were "completely inconsistent with its offer to consider Plaintiff under each of these [federal] program to cure the default."  *Id.* at Ex. 2 ¶ 38. But once again, this argument ignores the fact that the only "offer" made to Alexander was that contained in the deed of trust. *See Benavides*, 2013 WL 416195, at *5 (rejecting

identically presented defense). "Even if [Defendant] failed to follow the federal MHA, HAMP, or HAFA guidelines regarding foreclosure alternatives, that failure, if it occurred, is irrelevant to [Defendant's] obligations to Plaintiff[] under the deed of trust." *Id.* Because, as detailed above, Chase fulfilled its contractual obligations, it did not act inconsistently with any offer to Plaintiffs, and quasi-estoppel is inapplicable. *See Nolasco*, 2012 WL 3648414, at *5 (holding similarly); *see also Lindley*, 349 S.W.3d at 131 (collecting cases holding parties to be estopped when they tried to avoid obligations required under contracts from which they had benefitted).

## IV. CONCLUSION

For the foregoing reasons, Alexander's claims fail as a matter of law. The Court **GRANTS** Defendant's Motion for Summary Judgment (Docket Entry No. 22). A final judgment will issue separately.

**SIGNED** this 2nd day of August, 2013.

_____
Gregg Costa
United States District Judge